# Berkebile, Appellant, v. Johnstown Traction Company.

*Negligence—Street railway companies—Passengers—Payment of fare—Injuries—Person boarding moving car.*

1. A passenger in the legal sense of the term is one who travels in some public conveyance by virtue of a contract, express or implied, with the carrier, as to the payment of fare, or that which is accepted as the equivalent thereof.

2. When an individual gets on a trolley car he is presumed to be there lawfully as a passenger, having paid or being liable when called on to pay his fare. In an action against the carrier for personal injuries sustained by a person in a trolley car, the onus is upon the carrier to prove affirmatively that he is a trespasser. The purchase of a ticket or the payment of fare is not essential to the creation of the relation of carrier and passenger.

3. To constitute a person boarding a street railway car a passenger, it is not necessary that he should be seen or recognized by the motorman or conductor prior to an accident.

4. In the absence of a rule by a street railway company prohibiting intending passengers getting on its cars while in motion or declining to accept them as such after they are safely on the

car, an individual who boards a car in motion and is not seen by the conductor or motorman is not without protection as a passenger against the negligence of the carrier.

5. Whether one is a passenger on a car and entitled to protection as such is usually a mixed question of law and fact and should be submitted with proper instructions to the jury.

6. In an action by an alleged passenger on a street railway car against the company for damages for personal injuries, where the testimony would justify a jury in finding that the plaintiff at the time of the collision was on the rear platform of the car having boarded the car while in motion, had hold of one of the horizontal hand rails which extended from the steps to the door and was proceeding to enter the car, the question as to the relation of the plaintiff to the street railway company is for the jury.

Argued Sept. 25, 1916. Appeal, No. 30, Oct. T., 1916, by plaintiff, from final order of C. P. Cambria Co., June T., 1912, No. 429, refusing to take off nonsuit, in case of Ambrose Berkebile v. Johnstown Traction Company. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Trespass to recover damages for personal injuries. Before O'CONNOR, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a compulsory nonsuit, which the court subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*D. P. Weimer,* for appellant.—The plaintiff was entitled to the rights of a passenger after he had boarded the car and it was not material that the injury occurred before he paid his fare: Boulfrois v. United Traction Co., 210 Pa. 263; Besecker v. Del., Lack. & Western R. R. Co., 220 Pa. 507; Geiger v. Pittsburgh Rys. Co., 247 Pa. 287; Penna. R. R. Co. v. Books, 57 Pa. 339.

*Percy Allen Rose,* of *Forest & Percy Allen Rose,* for appellee.—The plaintiff did not bring himself within the definition of a passenger and did not show any contract for transportation between himself and defendant; his failure to prove a contract for transportation, precludes him from recovery: Blair v. Philadelphia Rapid Transit Co., 36 Pa. Superior Ct. 319; Geiger v. Pittsburgh Rys. Co., 247 Pa. 287; Penna. R. R. Co. v. Books, 57 Pa. 339.

OPINION BY MR. JUSTICE MESTREZAT, January 8, 1917:

This is an action to recover damages for personal injuries which the plaintiff alleges he sustained while he was a passenger on one of the defendant company's cars in the City of Johnstown. The court granted a nonsuit, and the plaintiff appealed.

The defendant company operates a trolley line on Bedford street, extending northwest and southeast through the City of Johnstown, which is intersected by Main street and by the tracks of the Baltimore & Ohio Railroad. It appears from the testimony that on the evening of June 5, 1911, the plaintiff got on the rear platform of defendant's car while it was proceeding from Main street, the last regular stopping place of the car, towards the B. & O. Railroad tracks, where it collided with a moving freight train, and the plaintiff was thrown to the floor of the platform and sustained severe injuries. The plaintiff testified: "I boarded this street car, and I just had gotten up on the rear end of this Horner street summer car, had hold of the handhold with my right hand and had my umbrella in my left hand. I heard some one holler. I immediately glanced out to the side and I saw this other car (railroad) coming back. It hit the street car and I was thrown forward." At the time the plaintiff boarded the car the conductor was standing on the front end of the running board. At the conclusion of the plaintiff's evidence, the trial judge granted a nonsuit on the ground that the plaintiff was not a pas-

senger upon the car at the time of the alleged injuries, which nonsuit he subsequently refused to take off.

We do not agree with the learned judge that, under the evidence in the case, he could declare, as a matter of law, that the plaintiff was not a passenger on the defendant's car at the time he was injured and the defendant owed him no duty as such. In determining the defendant's right to the nonsuit, the plaintiff, on this appeal, is entitled to the benefit of every presumption and inference which can arise in his favor under the evidence. The testimony would justify a jury in finding that the plaintiff, at the time of the collision, was on the rear platform of the car, had hold of one of the horizontal hand rails which extend from the steps to the door, and was proceeding to enter the car. It is, therefore, claimed by the plaintiff that the case is not within the class of cases where the plaintiff is injured while attempting to get on a moving car. Plaintiff's counsel concedes that his client was negligent in boarding the car while it was in motion. He contends, however, that at the time of the collision the plaintiff was safely on the car, and that his negligence in boarding the moving car was not the cause of his injuries. Plaintiff, therefore, claims that at the time of the accident he was a passenger on the defendant's car and entitled to he protected as such. The defendant contends that a passenger's right to recover for injuries sustained by the carrier's negligence is based upon the contractual relationship of carrier and passenger, that under the facts in this case the plaintiff was not a passenger when the collision occurred and defendant had not assumed any obligation to carry him as a passenger.

We have held in many cases that a passenger, in the legal sense of the term, is one who travels in some public conveyance by virtue of a contract, express or implied, with the carrier, as to the payment of fare, or that which is accepted as an equivalent thereof. Owing to the nature of the business, the contractual relation of a carrier

and passenger on a street car is seldom created by express contract, but is usually implied from the attending circumstances and the acts of the parties. A passenger street railway company is incorporated for the purpose of carrying all proper persons who may apply for transportation, and, therefore, there is an implied invitation to such persons to enter its cars for that purpose. When the individual gets on the car he is presumed to be there lawfully as a passenger, having paid or being liable when called on to pay his fare; and the onus is upon the carrier to prove affirmatively that he was a trespasser: Penna. R. R. Co. v. Books, 57 Pa. 339; Creed v. Penna. R. R. Co., 86 Pa. 139; Reynolds v. St. Louis Transit Co., 189 Mo. 408. The company can only eject him for sufficient cause, and, until he is advised that the company refuses to accept and carry him as a passenger, the relation of carrier and passenger is presumed to exist. The purchase of a ticket or the payment of fare is not essential to the creation of such relation: McGill v. Rowland, 3 Pa. 451; Duff v. Allegheny Valley R. R. Co., 91 Pa. 458; Indianapolis Traction & Terminal Co. v. Klentschy, 167 Ind. 598, 10 Ann. Cas. 869; Memphis St. Ry. Co. v. Caviness, 127 Tenn. 571, 46 L. R. A. (N. S.) 142; 1 Nellis on Street Railways, Sec. 253.

We are not favorably impressed with the contention of the defendant company that under the circumstances disclosed by the evidence the plaintiff was not a passenger because he was not seen or recognized by the motorman or conductor prior to the accident. If this be a controlling test as to whether or not the relation of carrier and passenger exists, a large part of the patrons of the street car service in the congested portions of the cities will be deprived of a remedy for injuries resulting from the negligent acts of the servants of trolley companies. It is common knowledge that passengers, especially in the earlier style of street cars, frequently enter the cars without their presence being known to the conductor until after the car is in motion and he collects

fares. If the car is crowded and the conductor is at one end collecting fares, he cannot see the intending passengers who enter the opposite end of the car. It is also common experience that individuals board street cars while in motion and the conductors accept their fares. No case has been cited to us, nor has the writer heard of any instance, where the negligent act of a passenger by boarding a moving car has caused his expulsion from the car, or where after he has safely boarded the car it has been held a defense to an action to recover damages for injuries to the passenger caused by the negligence of the carrier. It does not appear in the present case that the defendant company had a rule prohibiting intending passengers getting on its cars while in motion, or declining to accept them as such after they are safely on the car. In the absence of such a rule, and in view of the well-known custom that passengers frequently board moving cars, we are not prepared to hold that, as a matter of law, an individual who boards a car in motion and is not seen by the conductor or motorman is without protection as a passenger against the negligence of the carrier. In North Chicago R. R. Co. v. Williams, 140 Ill. 275, it is held that if the entry on a moving car is effected in safety, the person entering thereupon becomes a passenger entitled to the same degree of care for his safety as if his entry had been made while the car was standing still. It is held in Alabama, Birmingham Ry. Light & Power v. Bynum, 139 Ala. 389, that one who enters a car which has stopped to receive him, with the intention of taking passage thereon, is a passenger, though he has not been seen by the conductor and has paid no fare. The same doctrine is announced in Dewire v. Boston & Maine R. R. Co., 148 Mass. 343, 2 L. R. A. 166; Hannibal & St. Joseph R. R. Co. v. Martin, 111 Ill. 219; Wilmont v. Corrigan Consolidated St. Ry. Co., 106 Mo. 535. It is true that in these cases the passenger boarded the car while it was at rest, but we think the same rule must apply where he has safely boarded a

moving car.   In 1 Nellis on Street Railways, Sec. 253, it
is said: "One who has boarded a street car or entered
a train with the intention of becoming a passenger, even
though no fare has been collected of him before he sus-
tains an injury, is a passenger and is not a trespasser
simply because he entered in an irregular manner and
violated a rule of the company as to the mode of getting
on."

Whether one is a passenger on a carrier and entitled
to protection as such is usually a mixed question of law
and fact and should be submitted with proper instruc-
tions to the jury.   In 2 Hutchinson on Carriers, Sec.
997, the learned author says: "Whether either or both
of the elements (in the legal definition of a passenger)
exist is ordinarily a question for the jury.   The accept-
ance of the carrier need not be direct or express, but may
be and usually is implied from the surrounding circum-
stances."

It was error, we think, to withdraw the present case
from the jury, and to rule it as a matter of law.   The
recent case of Geiger v. Pittsburgh Railways Co., 247
Pa. 287, was a much stronger case for the defendant, and
we sustained the trial court in submitting it to the jury.

Judgment reversed with a procedendo.