[Civ. No. 3480. First Appellate District, Division Two.—December 7, 1920.]

ELEANOR MEIER, as Administratrix, etc., Respondent, v. GOLDEN AUTO TOUR CORPORATION (a Corporation), Appellant.

[1] NEGLIGENCE — DEATH OF AUTOMOBILE STAGE PASSENGER — ACTION FOR DAMAGES—DEPENDENCY OF MOTHER—CONDITION OF HEALTH—EVIDENCE.—In this action, prosecuted under the provisions of section 377 of the Code of Civil Procedure, for damages for the death of plaintiff's intestate as the result of injuries sustained by her while a passenger on an automobile stage, which was negligently operated by an employee of the defendant, it was not error to permit the mother of the deceased, who was shown to have been an invalid for a number of years, to state the nature of her ailments and the services rendered her by the deceased during that period and of which she was deprived by the death.

[2] ID.—WAIVER OF SPECIAL DAMAGES—RECOVERY OF GENERAL DAMAGES BY HUSBAND—NONSUIT.—In such an action, where special damages are not claimed, a motion for a nonsuit as to any damages on the part of the husband of the deceased is properly denied, notwithstanding at the time of the injury he was living separate and apart from the deceased and had procured an interlocutory decree of divorce on the ground of desertion.

[3] ID.—DECEASED AS PASSENGER FOR HIRE—CONFLICTING EVIDENCE—DETERMINATION OF JURY—APPEAL.—In such an action, where the evidence upon the question whether or not the deceased was a passenger for hire on the stage in which she was riding at the time

she sustained the injuries is conflicting, the determination of the jury thereon in favor of the plaintiff is conclusive on the appellate court, unless, by error in the instructions, the jury was misled to the prejudice of the defendant.

[4] ID.—PERSON TRAVELING IN AUTOBUS—PASSENGER FOR HIRE—PRESUMPTION.—In such an action, the jury is properly instructed that a person traveling in an autobus used for carrying passengers is, in the absence of countervailing circumstances, presumed to be a passenger for hire.

[5] ID.—APPROACH OF CROSSING—DISREGARD OF TRAIN SIGNALS—LACK OF ORDINARY CARE AND DILIGENCE.—From the facts that the driver of the stage approached the railroad crossing at a high rate of speed, and without stopping, reducing speed, or apparently giving any attention to the signals of a heavy freight train visible for a considerable distance from the road, ran upon the crossing, where the stage was struck by the locomotive, the only possible deduction to be drawn was that the driver of the stage was reckless and did not exercise the ordinary care and diligence required of a carrier of passengers without reward.

[6] ID.—ACTION UNDER SECTION 377, CODE OF CIVIL PROCEDURE—GRAVAMEN OF ACTION—CARE REQUIRED OF CARRIER—MATERIALITY OF PAYMENT OF FARE.—In an action, prosecuted under the provisions of section 377 of the Code of Civil Procedure, for damages for the death of plaintiff's intestate as the result of injuries sustained by her while a passenger on an automobile stage operated by an employee of the defendant, the gravamen of the action is the fact of the death of the deceased by negligence while she was a passenger, not whether or not she paid her fare, this latter fact being important only in considering the degree of care required of the carrier; and when the carrier is shown to have used no care, its liability for damages for her death becomes fixed, whether she was a gratuitous passenger or one for reward.

[7] ID.—MEASURE OF DAMAGES—PROPER INSTRUCTION.—In such action it is not error for the court, after fully instructing the jury that there can be no recovery for sorrow, to add "yet you have the right to take into consideration the pecuniary loss suffered by the members of the family occasioned by her death, including the loss to them of the comfort, society, and protection of the decedent."

APPEAL from a judgment of the Superior Court of Riverside County. Hugh H. Craig, Judge. Affirmed.

1. Admissibility, in action for wrongful death, of evidence of health or physical condition of person for whose benefit action is brought, note, Ann. Cas. 1912C, 266.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

Adair & Winder for Respondent.

BRITTAIN, J.—The defendant appeals from a judgment for five thousand dollars entered on the verdict of a jury as damages for the death of Mrs. Ione Smith, aged twenty-three years, as the result of injuries sustained by her while a passenger on an automobile stage, negligently operated by an employee of the appellant in its business as a common carrier of passengers. The action was prosecuted under the provisions of section 377 of the Code of Civil Procedure, by the mother of Mrs. Smith, in her capacity as administratrix of her daughter's estate with the will annexed.

The appellant admits the character of its business and that its employee in charge of its stage was negligent. The evidence shows beyond cavil that he did not exercise ordinary, nor, indeed, any care or diligence, to avoid the railroad crossing collision, in which he was instantly killed, and Mrs. Smith, the only other person on the stage, received the injuries which shortly thereafter caused her death. The appellant contends that Mrs. Smith was not a passenger for reward and that under the pleadings there was no right of recovery if its contention in this regard can be sustained. At the time of the accident Mrs. Smith was in good health. She was married, but within a very short time after her marriage she had returned to her mother's home. Her husband had procured an interlocutory decree of divorce on the ground of desertion, but the statutory period required before final decree could be entered had not elapsed at the time of her death. Except for the brief interval following her marriage, for a period of seven years Mrs. Smith had cared for her invalid mother, who was suffering from organic disease of the heart, and who had undergone several severe surgical operations, two of them for cancer. Mrs. Smith occupied the sleeping-room of her mother, and was frequently called upon to render her attentions at night. She bathed her mother daily, fed her, assisted her in walking, and attended upon her in other

ways. She also aided her father, and from her earnings had aided an elder sister to gain a special education so that she might be self-supporting. She had also a younger brother. The plaintiff waived claim of the brother and sister to participate in damages. The value of decedent's estate was a little over one hundred dollars.

The appellant's first contentions concern claims of error in rulings on evidence. There is a general argument upon the character of the evidence, but, except in three instances, there is no reference to either specific evidence or rulings. [1] While the mother of Mrs. Smith was on the witness-stand she was permitted to state, over objection, the nature of her ailments during the seven years her daughter had taken care of her. The appellant argues that the evidence of dependency should have been strictly confined to the condition existing at the time of the injury, but under section 377 of the Code of Civil Procedure such damages are to be given "as under all the circumstances of the case may be just." Among other circumstances which were proper to be considered were those showing the close, continuous, and unusual care given by Mrs. Smith to her invalid mother, and it was only in connection with the character of the mother's sickness that the circumstances could be shown. It may be conceded that, as against the objections which were made during the examination of Mrs. Meier, she was permitted to testify with undue particularity of detail about her various ills. There was a general objection to a question in which the physician of Mrs. Meier was asked to explain Mrs. Meier's physical condition during the seven years preceding the death of Mrs. Smith, which was properly overruled. Before that, without objection, the witness had testified about an apoplectic stroke prior to a surgical operation about five years before, and that following the operation Mrs. Meier was confined to her bed for fully three years. After the single objection noted above, the witness testified concerning the matters disclosed by the evidence of Mrs. Meier. Under these circumstances the error in overruling objections to her evidence, if there was error, became negligible. From the evidence introduced without objection it appears that Mrs. Smith had been rendering services to her mother such as a nurse would have rendered, and of which her mother was deprived by her

death. The family physician was permitted to testify that Mrs. Smith for seven years prior to her death was normal physically, and that after her death her sister was not strong physically, and that her condition incapacitated her from caring for her mother in the proper way. There was no motion to strike out the physician's conclusions, but objections to the questions concerning the health of Mrs. Smith's sister and the effect of her condition upon her ability to render her mother service were overruled, as was an objection to a question concerning the ordinary average charge for practical nurses at Hemet, where Mrs. Meier lived. These were circumstances to be considered in determining what damages would be just.

[2] Special damages were not claimed. At the close of the plaintiff's case a motion for nonsuit as to any damages on the part of Mrs. Smith's husband was denied. The ruling was proper. This court knows of no authority to support a motion for nonsuit in a negligence case as to a single element of general damages. That is a matter to be corrected by instructions, and the court's instruction upon this subject in this case is considered with other instructions later in this opinion.

[3] The argument that the verdict is not sustained by the evidence and that the judgment is against law is directed to the relative credibility of the evidence on the part of the plaintiff and defendant concerning whether or not Mrs. Smith became a passenger for hire on the stage which was wrecked. On behalf of the plaintiff was the positive testimony of an agent of the defendant that he sold to Mrs. Smith a ticket for the stage just before he saw her enter it, and on behalf of the defendant negative evidence that the ticket was not found on the body of the driver after his death. There was other evidence on the part of both parties tending to support one or the other side of the issue. There was a conflict in evidence at most, and on appeal this court is bound by the determination of the jury, unless, by error in the instructions, the jury was misled to the prejudice of the defendant.

Instructions on several branches of the case are attacked. Those concerning the defendant's theory that Mrs. Smith was not a passenger but a trespasser are first considered. The plaintiff alleged that Mrs. Smith was a passenger for

reward. The defendant denied the allegation concerning the payment of fare; denied she was a passenger for reward, and denied she was a passenger. The stage driver had been instructed not to permit anyone to ride without payment of fare. In view of the testimony of the defendant's agent that Mrs. Smith had paid her fare, the theory of the defendant that she was riding free at the invitation of the driver had no support in the evidence. Even though the evidence of the agent could be wholly disregarded, the utmost that could be said of the negative circumstances proved by the defendant is that they might have warranted an inference based upon a suspicion. [4] The court instructed the jury that a person traveling in an autobus used for carrying passengers is, in the absence of countervailing circumstances, presumed to be a passenger for hire. This is a correct statement of law, and, in view of the evidence of the sale of a ticket, did not injure the defendant. By the next instruction the jury was properly told that a common carrier might demand fare either at starting or at any subsequent time. The court had previously instructed the jury upon the duty of carriers of passengers for hire, and had read the provisions of section 377 of the Code of Civil Procedure, which provide for damages in a suit permitted to be brought by the personal representative of a person killed by the wrongful act or negligence of another. By an instruction, numbered 7, the jury was informed "that a carrier of persons without reward must use ordinary care and diligence for their safe carriage," and instruction numbered 8 was as follows: "The Court instructs the jury that if from the evidence you arrive at the conclusion that Ione Smith was, at the time of the accident, riding upon defendant's autobus or stage without payment of fare for such passage, then she was entitled to demand of defendant that she be not willfully or recklessly injured." It is argued that the giving of these two instructions constituted fatal error, and also that an instruction requested by the defendant should have been given. The requested instruction was to the effect that unless Mrs. Smith was a passenger for hire the plaintiff was not entitled to recover. [5] The only evidence upon the subject of the admitted negligence was that the driver of the stage approached the crossing at a high rate of speed, and without stopping, reducing

speed, or apparently giving any attention to the signals of a heavy freight train visible for a considerable distance from the road, ran upon the crossing, where the stage was struck by the locomotive. The impact was such that heavy iron fixtures and bars on the front of the locomotive were bent in the direction in which the automobile was traveling, thus indicating the force or momentum with which it struck, and, hence, its high rate of speed. From these facts, which were not disputed, the only possible deduction to be drawn was that the driver of the stage was reckless and did not exercise the ordinary care and diligence required of a carrier of passengers without reward. (Civ. Code, sec. 2096.) As has been stated, there was no evidence to support the defendant's theory that Mrs. Smith was a mere trespasser on the stage. [6] Under section 377 of the Code of Civil Procedure the gravamen of the action was the fact of the death of Mrs. Smith by negligence while she was a passenger, not whether or not she paid her fare. Whether or not she was a gratuitous passenger, or one for reward, was important only in considering the degree of care required by the carrier. When it was shown to have used none, its liability for damages for her death became fixed. Upon application the court would no doubt have permitted an amendment to the complaint by adding the purely formal allegation that Mrs. Smith was a passenger, or by striking out the allegation in regard to her having paid her fare; but this was unnecessary. The defendant undertook to disprove the allegation that Mrs. Smith was a passenger for reward by circumstantial evidence that she had not purchased a ticket, and that she was a mere trespasser at the invitation of the driver of the stage in violation of the defendant's orders. It wholly failed to prove the driver's invitation or violation of its orders, and it made no offer of evidence that Mrs. Smith had knowledge of its orders to the driver. No notices were shown to have been published. The universal custom prevailing in the operation of railroads by which train employees are prohibited from carrying passengers without fare or tickets is such that all are charged with notice of it. The use of automobiles for the carriage of passengers is not yet greatly differentiated from a similar use of wagons and carriages of an earlier period, when the owner

himself might be the driver, and either he or his hired driver might upon occasion give a wayfarer "a lift" or even invite a friend to ride with him when his conveyance was not crowded. The reasons of public policy which caused legislation against passes given in return for political services rendered to great railroad corporations have not yet been shown to apply to drivers of autostages operating for the most part on comparatively short routes and carrying comparatively few passengers. For these reasons the case of *Sessions* v. *Southern Pac. Co.*, 159 Cal. 599, [114 Pac. 982], and similar cases relied upon by the appellant are clearly differentiable. There was an entire absence of evidence to show that Mrs. Smith collusively agreed with the driver of the stage to defraud the defendant, or had any knowledge of the limitations of his agency in control of the autostage. So far as the evidence showed, she was rightfully on the car as a passenger, and her personal representative was entitled to damages for her death by the negligence of the carrier's agent. His negligence was of such a character as to support a verdict for damages, even though she was a gratuitous passenger. The evidence that she had paid fare was ample to support the case pleaded by the plaintiff. Under these circumstances, if there was error in the instructions, it was of such a character as does not warrant a reversal. **[7]** The contention that, after fully instructing the jury that there could be no recovery for sorrow, the court erred in adding, "yet you have the right to take into consideration the pecuniary loss suffered by the members of the family occasioned by her death, including the loss to them of the comfort, society, and protection of the decedent," is without merit. So, also, is the contention that the court should have instructed the jury that in their computation of general damages, they should make no award on behalf of the husband of Mrs. Smith. The court properly instructed the jury that the existence of the interlocutory decree of divorce did not dissolve the marriage. The circumstances concerning the marital relationship were before the jury, which no doubt gave proper consideration to them in reaching the amount of general damages awarded not to any particular heir, but to the personal representative of Mrs. Smith's estate. The instructions as a whole correctly stated

the law as it applied to the facts disclosed at the trial, and were in no sense misleading.

The verdict is attacked as excessive in amount. The rule that appellate courts should not set aside judgments on this ground, particularly where, as in this case, there has been a motion for new trial, unless the award of damages is so high or so low as to shock the conscience, has been pointed out so frequently and declared so vigorously that it may be accepted as axiomatic. In this case it cannot be said that an award of five thousand dollars, under the circumstances disclosed by the record, was excessive, or large enough to shock the conscience of any reasonable person.

The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 3, 1921.

All the Justices, except Angellotti, C. J., concurred.