José Juan Figueroa, Menor Representado por su Padre con Patria Potestad, Juan Figueroa Serrano, demandante y apelado, *v.* Frank Picó y Great American Indemnity Company, demandados y apelantes.

Núm. 9643.—*Sometido:* Noviembre 15, 1948. *Resuelto:* Noviembre 26, 1948.

402

*R. Rivera Zayas, G. Rivera Cestero* y *Milton F. Rúa,* abogados de los apelantes; *F. Hernández Vargas,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

El presente es un pleito de daños y perjuicios provenientes de un accidente de automóvil. Luego de un juicio en los méritos, la corte de distrito dictó sentencia a favor del demandante. Los demandados alegan en apelación que el chófer del vehículo no fué negligente y que el menor que resultó lesionado fué culpable de negligencia contribuyente.

La corte de distrito declaró probados los siguientes hechos: que a mediodía el chófer de Frank Picó, uno de los demandados, conducía una guagua comercial en Santurce por la Avenida Borinquen, del Barrio Obrero a Martín Peña, a una velocidad de 20 millas por hora; que no redujo la velocidad al aproximarse a la Escuela Padre Berríos, de donde era alumno José Juan Figueroa, quien contaba para aquella fecha cinco años y ocho meses de edad; que el chófer tocó su bocina, pero a alguna distancia de la escuela; que la avenida en este punto es recta y ancha, con buena visibilidad; que al momento de ocurrir el accidente no pasaba por allí ningún otro vehículo; que los niños acostumbraban salir a mediodía de la escuela para ir a almorzar; que el chófer, que .

durante un número de años conducía su vehículo por frente a esta escuela, estaba familiarizado con esta costumbre; que José Juan Figueroa salió de la escuela y corrió para cruzar la avenida hacia el lado opuesto de la misma; que había ya cruzado más de la mitad de la avenida y casi lo había logrado cuando chocó con el picaporte de la puerta de la guagua; que el chófer siguió su marcha por algunos metros más, pero detuvo el vehículo cuando una señora le gritó.

Aceptamos estas conclusiones de hecho, ya que en el récord hay suficiente prueba para sostenerlas. Basada en estos hechos, la corte inferior llegó a la conclusión de que el chófer " . . . no hay duda, pudo haber visto al niño durante todo ese trayecto, ya que tenía la calle expedita para ver y podía ver porque nada le impedía ver; pero dice que no vió al niño, que lo que sintió fué como el golpe de una pelota de goma sobre el lado de la guagua . . . . Nuestra conclusión es que el chófer del demandado iba guiando descuidada y distraídamente, sin percatarse de la presencia de los niños que pudieran cruzar la calle. . . . Concluímos que si Enrique Oliveras Padilla [el chófer] hubiese ido conduciendo el vehículo diligentemente, y con el cuidado, y prudencia y precaución de un buen padre de familia, hubiera visto al niño desde el momento en que éste empezó a cruzar la calle, y hubiese podido parar la guagua con suficiente tiempo y a distancia apropiada para evitar el accidente, o hubiese desviado el vehículo convenientemente, o realizado cualquiera otro acto, lo cual no hizo, y haber evitado causarle tanto daño al demandante." Creemos que la corte inferior tenía derecho a llegar a estas conclusiones a base de los hechos que declaró probados.

"A un niño de pocos años no se le requiere que cumpla con las normas de conducta que es razonable esperar de un adulto, pero su conducta debe juzgarse por la norma de conducta que puede esperarse de un niño de similar edad, inteligencia y experiencia." *Restatement, Torts,* sec. 283,

Comentario *c*, pág. 743; *Hernández* v. *Acosta*, 64 D.P.R. 171, 180–82; *Castro* v. *González*, 58 D.P.R. 368; *Annotation*, 107 A.L.R. 4; Prosser *on Torts*, sec. 36, págs. 229–31; Shulman, *The Standard of Care Required by Children*, 37 *Yale L.J.* 618; 95 *U.Pa.L.Rev.* 93.

█ Además, hay una obligación específica de parte de los chóferes de vehículos de motor de ser especialmente cuidadosos en las áreas escolares. 2 Blashfield, *Cyclopedia of Automobile Law and Practice,* Ed.Permanente, sec. 1500, pág. 538; *Lampton* v. *Davis Standard Bread Co.*, 48 Cal.App. 116 (1920).

█ Suponemos que el niño incurrió en negligencia contribuyente al cruzar la avenida corriendo y chocar con el picaporte de la guagua. Suponemos esto *argüendo,* no obstante la más baja norma de cuidado que, como hemos visto, se aplica a niños de tierna edad. Pero el chófer sabía que a la hora del accidente salían niños pequeños de esta escuela; tenía una clara visibilidad; y conducía su vehículo a solamente 20 millas por hora. Y lo más importante de todo, conducía su guagua en el extremo derecho de la avenida hacia la escuela mientras que el niño cruzaba casi la totalidad del ancho de esta espaciosa y recta avenida. En su consecuencia, tuvo amplia oportunidad, al acercarse a la escuela, de ver al niño mientras cruzaba la avenida.

El chófer conducía su vehículo a mediodía en un área escolar. Como hemos visto, esto le exigía ser especialmente cuidadoso. Por tanto no puede decir que, haciendo caso omiso de la situación, iba mirando hacia adelante y no vió nada. Bajo las circunstancias, su deber era vigilar, no sólo hacia el frente si que también oblicuamente. Véanse *Aronson* v. *Ricker,* 172 S.W. 641, 642 (Mo., 1915); *Holmes* v. *Missouri Pac. Ry. Co.*, 105 S.W. 624 (Mo., 1907). Es inmaterial que como cuestión de hecho no viera al niño. Éste cruzó casi todo el ancho de la amplia avenida de la cual el chófer tenía una visibilidad clara. Por consiguiente el me-

nor estaba dentro de la visibilidad periférica o lateral del chófer con tiempo más que suficiente para que éste pudiera evitar el accidente. No puede ahora alegar que él no vió al niño, ya que de haber estado mirando con cuidado, según era su obligación, lo habría visto. *Hornbuckle* v. *McCarty*, 243 S.W. 327 (Mo., 1922); *Dashiell* v. *Moore*, 11 A.2d 640 (Md., 1940); *Dauplaise* v. *Yellow Taxicab Co.*, 235 N.W. 771 (Wis., 1931).

Este caso es diferente al de *Sucn. Ortiz* v. *Ramírez*, 68 D.P.R. 498, en donde un peatón adulto súbitamente y sin aviso alguno, se precipitó frente a un vehículo de motor. Bajo tales circunstancias, la doctrina de la última oportunidad para evitar el accidente no podía invocarse. Pero aquí, aun cuando el niño fuera culpable de negligencia contribuyente, el chófer posteriormente tuvo una oportunidad razonable de evitar el accidente. Es cierto que no vió al menor. Pero si hubiera ejercitado el cuidado adicional exigídole en virtud del hecho de que pasaba frente a una escuela a mediodía, habría visto al niño con tiempo suficiente para evitar el accidente. Por tanto, es aplicable la doctrina de la última oportunidad y los demandados son responsables. *Miranda* v. *P. R. Ry., Light & Power Co.*, 42 D.P.R. 719, confirmado en 62 F.2d 479, *cert.* denegado, 289 U.S. 731; *Sucn. Ortiz* v. *Ramírez*, supra, y casos citados.

█ La sentencia fué por la suma de $6,000, costas y $600 para honorarios de abogado. El otro error señalado se refiere a la concesión de dichos honorarios. No encontramos base alguna para intervenir con la discreción de la corte inferior a este respecto.

*La sentencia de la corte de distrito será confirmada.*