Francisco Rivera y Matilde Escalera, demandantes y apelantes, *v.* Victoria Santana y Hartford Accident and Indemnity Co., demandadas y apeladas.

Núm. 10205.—*Sometido:* Noviembre 6, 1950. *Resuelto:* Noviembre 30, 1950.

*Guillermo S. Pierluissi,* abogado de los apelantes; *Wilson P. Colberg,* abogado de las apeladas.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Un menor, de tres años de edad, recibió la muerte mientras iba en un automóvil público. Sus padres, los aquí demandantes, instaron pleito de daños y perjuicios contra las demandadas, la dueña del vehículo y una compañía de seguros. Luego de un juicio en los méritos, la corte de distrito dictó sentencia a favor de las demandadas y los demandantes han apelado.

El automóvil público era un Plymouth de cinco pasajeros modelo 1941. El 19 de enero de 1947 durante el día el vehículo se dirigía de Loíza a Río Piedras. Ya había un pasajero en el automóvil en el asiento delantero cuando el menor, acompañado de su tía, su abuela y su bisabuela, tomaron el vehículo y se sentaron en el asiento trasero.

Hubo conflicto en la evidencia con respecto a las otras circunstancias del accidente. La abuela y la bisabuela declararon que ellas iban pagando por el niño como pasajero; que poco después el vehículo se detuvo para coger otra pasajera; que el chófer le dijo al niño que le dejara el asiento a la nueva pasajera y que se sentara en un banquito con su espalda hacia el chófer; que el día era claro; que cuando ocurrió el accidente, el chófer conducía el automóvil a excesiva velocidad por una carretera angosta y con curvas; que cuando se le acercó otro vehículo que venía en dirección contraria, con motivo de lo angosta que era la carretera, el chófer tuvo que zigzaguear, ocasionando que la puerta de atrás se abriera y tirara al niño fuera del automóvil a la carretera, ocasionándole la muerte; que cuando llevaban al niño hacia el hospital, el chófer le dijo a las testigos que la puerta estaba mala.

Por otro lado, las declaraciones del chófer y de los otros dos pasajeros, que aparentemente eran testigos sin interés alguno en el caso, fueron al efecto de que las señoras no pagaron por el menor; que no había banquito en el vehículo; que el chófer le dijo a la abuela que cogiera al niño en la falda cuando la última pasajera abordó el automóvil; que la carretera es ancha, no tiene curvas en el sitio del accidente, y el chófer conducía el vehículo a velocidad moderada; que la abuela cogió el niño en su falda, pero éste era inquieto, se salió de la falda y se paró cerca de la puerta derecha trasera; que el chófer llamó la atención a la abuela quien volvió a coger al niño en la falda; que el menor nuevamente se salió de la falda y jugando con la manecilla de la puerta derecha trasera, la abrió, perdió el balance y cayó al pavimento; que el día estaba lluvioso y los cristales de las puertas estaban levantados; que el niño en repetidas ocasiones le pedía a la abuela que abriera la puerta para él poder ver; que el vehículo no se cruzó con ninguno otro ni tiró violentamente hacia la derecha; que los familiares del niño hablaban entre sí cuando ocurrió el accidente. El chófer negó que él dijera a la abuela

que la puerta estaba en malas condiciones. Por el contrario, declaró que la abuela le dijo camino del hospital que él no tenía la culpa del accidente. Un mecánico declaró que había examinado la puerta del automóvil inmediatamente después del accidente por órdenes del juez de paz y la encontró en excelentes condiciones.

La corte inferior resolvió el conflicto en la evidencia a favor de las demandadas y dictó conclusiones de hecho de conformidad. En sus conclusiones de derecho la corte de distrito resolvió que el accidente se debió a la negligencia del menor y a la ausencia del debido cuidado de sus familiares. Asimismo resolvió que no había negligencia de parte del chófer.

En apelación, el primer señalamiento es que la corte de distrito cometió error al resolver que el menor era culpable de negligencia contribuyente habida cuenta de su corta edad. En apoyo de su contención, los apelantes citan a 2 Blashfield, *Cyclopedia of Automobile Law and Practice*, *Perm. ed.*, sec. 1521, pág. 559; 2 *Restatement, Torts*, sec. 283, pág. 743, sec. 284, pág. 745; *Rivera* v. *Sucesores de L. Villamil*, 29 D.P.R. 275; *Hernández* v. *Acosta*, 64 D.P.R. 171; *Figueroa* v. *Picó*, 69 D.P.R. 401; *Vega* v. *American R. R. Co.*, 57 D.P.R. 376.

Este argumento tiene dos fallas. Primeramente, la doctrina de negligencia contribuyente entra en juego solamente cuando el accidente es causado por la negligencia combinada de las partes. De cuando en vez surge confusión en la discusión de esta doctrina precisamente porque la negligencia del demandado y la negligencia contribuyente del demandante son tratadas erróneamente como si se excluyeran mutuamente, quedando la una o la otra como la única causa del accidente. Pero esta doctrina se aplica solamente si la negligencia del demandado y la negligencia contribuyente del demandante existen ambas y, funcionando juntas, causan el accidente. En verdad, el propio lenguaje de la doctrina lo aclara: el demandante sólo "contribuye" con su negligencia a la negli-

gencia existente del demandado para causar el accidente. 2 *Restatement, Torts*, sec. 463, pág. 1227; Prosser, *Torts*, pág. 393; 2 Blashfield, supra, sec. 1391, pág. 443; *Christman* v. *Reichholdt*, 150 S.W.2d 527 (Mo., 1941).

■ En vista de lo anteriormente indicado, nunca llegamos a considerar la cuestión de la negligencia contribuyente del menor, ya que la condición precedente de negligencia de parte del demandado está ausente. *Cf.* 4 Blashfield, supra, sec. 220, págs. 228-9. Si el accidente ocurrió, como resolvió la corte inferior, por causas ajenas a la negligencia del demandado, es innecesario determinar si la supuesta negligencia contribuyente de parte del menor, impediría la sentencia que de otro modo se obtendría, siempre y cuando que el demandado hubiera sido negligente.

■ ■ En segundo lugar, la corte de distrito resolvió que la abuela, a quien los padres del niño se lo habían encomendado, había sido negligente al no cuidarlo y al permitirle que jugara con la manecilla de la puerta no obstante las advertencias del chófer, hasta que abrió la puerta y se cayó. Bajo estas circunstancias, aún suponiendo que el chófer fuera negligente, la negligencia de la abuela contribuyó a la causa del accidente y es imputada a los padres en un pleito instado por éstos en reclamación de daños por la muerte del menor. Anotación, 2 A.L.R. 2d 785; Prosser, *Torts*, págs. 422-24; 2 Blashfield, supra, sec. 1551, pág. 589.

■ Bajo este error, los apelantes también arguyen que las demandadas son responsables porque el chófer tuvo la última oportunidad de evitar el accidente. Los apelantes apoyan esta contención en la declaración del chófer en el contrainterrogatorio al efecto de que él podía ver al menor por el espejito y había pedido a la abuela dos veces que cogiera al niño en su falda cuando éste se bajaba de la misma y se paraba dentro del vehículo. Sin embargo, el chófer declaró en el interrogatorio directo que él no vió u oyó al niño jugar con la puerta al momento en que la abrió y se cayó del automóvil. Por el contrario, descubrió lo que había pasado

solamente cuando se lo avisó un pasajero, deteniendo entonces el vehículo. La doctrina de la última oportunidad no puede ampliarse tanto como para exigirle al chófer, cuyo deber primordial era conducir el automóvil con cuidado, que estuviera pendiente por el espejito de los movimientos del niño, mientras sus familiares, encargados de cuidarlo, hablaban y hacían caso omiso de él. Bajo las circunstancias concurrentes, no vemos base para invocar la doctrina de la última oportunidad, *Cf. Figueroa* v. *Picó,* supra; *Sucn. Ortiz* v. *Ramírez,* 68 D.P.R. 498.

Los otros errores señalados no requieren mucha discusión. El segundo es que la corte inferior (*a*) erró al apreciar la evidencia y (*b*) actuó con parcialidad. Nada hay en los autos que dé apoyo a alguna de estas contenciones.

El tercer señalamiento es que la corte inferior erró (1) al no resolver que la negligencia del chófer fué la causa próxima del accidente, (2) al resolver que los familiares que acompañaban al menor fueron negligentes aun cuando en la contestación no había alegación alguna a ese efecto, (3) al no resolver que el chófer tuvo la última oportunidad para evitar el accidente. Las contenciones primera y tercera ya han sido discutidas y la segunda no amerita discusión.

*La sentencia de la corte de distrito será confirmada.*