LEONARDO ÁLAMO, JR., ETC., Plaintiff and Appellee, *v.* FELICIANO GARCÍA and COMMERCIAL INSURANCE COMPANY, Defendants and Appellants.

No. 11135.  Argued April 1, 1954.—Decided June 1, 1954.

Carmelo Ávila Medina for appellants. Luis R. Apellániz for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

The Superior Court, San Juan Part, ordered the defendants-appellants to pay plaintiff the amount of $3,000 for damages and $500 attorney's fees, by virtue of an accident in which a vehicle driven by Feliciano García, and insured by the Commercial Insurance Company, ran over plaintiff, Leonardo Álamo Jr., eleven years of age. The trial court made the following findings of fact:

"1.—That the accident occurred between 12:30 noon and 1:00 p.m. on October 25, 1951.

"2.—That the accident occurred in the surroundings of the public school of Toa Baja located on the main street.

"3.—That since it was the time between the morning and the afternoon sessions, the children had not yet gone to their classrooms.

"4.—That there were several children playing and running in front of the schoolhouse.

"5.—That there is a semi-curve near the elementary school.

"6.—That Muñoz Rivera Street, Toa Baja's main street, is an urban thoroughfare on which vehicles run in both directions.

"7.—That the defendant, Feliciano García, was driving his vehicle past the public school of Toa Baja at a considerable speed.

"8.—That at the time of the accident, the defendant, Feliciano García was transporting two persons, a man and a woman, in his vehicle.

"9.—That Leonardo Álamo, Jr., was in the third grade at the time of the accident and is eleven years old at present.

"10.—That as result of the accident, Leonardo Álamo, Jr., suffered a comminuted fracture on the middle-third space of the tibia and the fibula on his right leg, being confined in the hospital for approximately eight days where his leg was put in a cast, and kept so for about three months.

"11.—That the defendant, Feliciano García was able to see several children running along the left side of the street shortly before the accident occurred and still did not reduce his speed.

"12.—That Leonardo Álamo, Jr., was among the group of children whom defendant saw running along the left-hand side of the street.

"13.—That the minor, Leonardo Álamo, Jr., in the meantime, crossed the street from left to right towards the school and when he had taken two or three steps, the defendant, Feliciano García without taking any precautions, such as reducing the speed, hit him with the front part of the left fender.

"14.—That the defendant, Feliciano García, was driving the vehicle more on the left-hand side than on the right-hand side of the street."

The trial court further concluded "that the sole and direct cause of the injury sustained by the minor Leonardo Álamo, Jr., was due solely and exclusively to the negligence of the defendant, Feliciano García" and "that Feliciano García, in driving his vehicle along Muñoz Rivera Street of the town of Toa Baja, was doing so as a public carrier, transporting passengers for hire."

Defendants have appealed to this Court assigning the following errors:

"The trial court erred in holding that the co-defendant, Feliciano García, at the time of the accident was engaged in the transportation of passengers for hire.

"In holding that the co-defendant, Commercial Insurance Company, and co-defendant, Feliciano García were severally liable for the damages caused by the latter, pursuant to the terms of the policy.

"In holding that co-defendant, Feliciano García, was guilty of negligence in driving the vehicle and in not holding that the proximate cause of the accident was plaintiff's contributory negligence.

"In ordering the defendants to pay to the plaintiff $500 for attorney's fees."

■ As to the cause of the accident, the conclusion of the San Juan Court to the effect that defendant García was negligent and that his negligence was the sole cause of the accident, is supported by the evidence introduced and the court did not err in weighing the evidence. The attendant circumstances show more conclusively García's negligence and the lack of contributory negligence on the part of the plaintiff than do those prevailing in the case of *Álvarez* v. *Hernández*, 74 P.R.R. 460, since in the case at bar the speed of the vehicle causing the accident was unusual and "rather considerable"; García was driving the vehicle along the left-hand side and not the right-hand side of the street; the accident occurred in front of a public schoolhouse, some minutes before classes (*Figueroa* v. *Picó*, 69 P.R.R. 372) and García acted contrary to the provisions of § 17(*h*) of the Automobiles and Traffic Act which provides in part that "On approaching . . . a schoolhouse, during the hours when pupils are likely to be entering or leaving the building, speed shall be reduced" (*Castro* v. *Autoridad de Transporte*, 72 P.R.R. 435) and García did not reduce his speed in the case at bar. There was no contributory negligence on the part of the plaintiff (*Álvarez* v. *Hernández*, *supra*).

■ Appellants allege that at the time of the accident, García was not engaged in the transportation of passengers for hire, any possible liability therefore on the part of the insurance company being foreclosed by virtue of the holding in *Arvelo* v. *Rodríguez*, 69 P.R.R. 936. It was proved in that case that several persons were traveling as guests in an insured public vehicle on their way to a wedding, and the testimony that the vehicle was carrying passengers for pay was not believed. Under those circumstances and since that policy only covered the transportation of passengers for pay, the insurance company was not held liable.

The afore-cited case of *Arvelo* v. *Rodríguez* is not applicable to the case at bar. Here plaintiff introduced evidence to the effect that at the time of the accident, there were two persons traveling in the vehicle. That evidence was believed by the trial court. It must be presumed that persons traveling in a public carrier generally engaged in the transportation of passengers, are actually passengers for hire. 13 C.J.S. 1446, sec. 764 (b); *Meier* v. *Golden State Auto Tour Corporation*, California, 195 Pac. 290; *Berkebile* v. *Johnstown Co.*, 99 Atlantic 871; 10 Am. Jur. 364; Blashfield, *Cyclopedia of Automobile Law and Practice*, Vol. 4, Part 1, p. 12, sec. 2142. Such a presumption arose from the case at bar and it was not rebutted by the defendants. They merely introduced evidence to the effect that at the time of the accident no one, but the driver, was traveling in the vehicle. The trial court refused to believe that testimony. Therefore, it was established that there were two persons traveling in the vehicle and that those persons were passengers for hire.

■ The trial court did not err in ordering the defendant to pay plaintiff the amount of $500 for attorney's fees. The defendants were obstinate and the amount ordered for attorney's fees is reasonable.

The judgment appealed from will be affirmed.