LEONARDO ÁLAMO, JR., representado por su padre con patria potestad, LEONARDO ÁLAMO OQUENDO, demandante y apelado *v.* FELICIANO GARCÍA y COMMERCIAL INSURANCE COMPANY, demandados y apelantes.

Número 11135.
*Sometido:* 1 de abril de 1954. *Resuelto:* 1 de junio de 1954.

*Carmelo Ávila Medina,* abogado de los apelantes; *Luis R. Apellániz,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

La Sala de San Juan del Tribunal Superior condenó a los demandados-apelantes a pagar al demandante la cantidad de $3,000 en concepto de daños y perjuicios y $500 de honorarios de abogado, en virtud de un accidente en que un vehículo conducido por Feliciano García y asegurado por la Commercial Insurance Co. arrolló al demandante Leonardo Alamo, Jr., de once años de edad. El tribunal sentenciador formuló las siguientes conclusiones sobre los hechos:

"1. Que el accidente ocurrió entre 12:30 a 1:00 del día 25 de octubre de 1951.

"2. Que el accidente ocurrió en las inmediaciones de las Escuelas Públicas del pueblo de Toa Baja, sita en la Calle Principal.

"3. Que por ser la hora intermedia entre las sesiones de la mañana y de la tarde, todavía no habían entrado los niños a sus salones de clases.

"4. Que habían varios niños jugando y corriendo frente a los edificios escolares.

"5. Que cerca de la Escuela Elemental existe una semi-curva.

"6. Que la calle principal de Toa Baja, llamada Calle Muñoz Rivera, es una ruta de tránsito urbano por la que los vehículos discurren en ambas direcciones.

"7. Que el demandado Feliciano García conducía su vehículo en los momentos de pasar frente a las Escuelas Públicas de Toa Baja, a una velocidad bastante ligera.

"8. Que el demandado Feliciano García transportaba dos personas, un hombre y una mujer, en su vehículo, al momento de ocurrir el accidente.

"9. Que Leonardo Alamo, Jr., cursaba su tercer grado al ocurrirle el accidente y actualmente tiene 11 años de edad.

"10. Que a consecuencia del accidente, Leonardo Álamo, Jr., sufrió la fractura conminuta por el tercio medio de la tibia y fíbula de su pierna derecha, habiendo sido recluído en el Hospital aproximadamente 8 días en donde le enyesaron su pierna, permaneciendo así por alrededor de tres meses.

"11. Que el demandado Feliciano García había tenido la oportunidad de ver momentos antes de ocurrir el accidente a varios niños corriendo a lo largo de la calle por su lado izquierdo y no obstante no modificó el ritmo de velocidad que traía.

"12. Que entre el grupo de niños que el demandado vió corriendo a lo largo del lado izquierdo de la calle se encontraba Leonardo Álamo, Jr.

"13. Que el menor Leonardo Álamo, Jr., entre tanto, cruzó la calle de izquierda a derecha con dirección a la escuela y cuando había dado dos o tres pasos, el demandado Feliciano García, sin tomar ninguna precaución, tal como reducir la velociadad a que caminaba, le dió con la parte delantera del guardalodo izquierdo.

"14. Que el demandado Feliciano García conducía el vehículo más hacia la izquierda de la calle que hacia su derecha."

El tribunal a quo concluyó además "que la causa única y directa de la lesión sufrida por el menor Leonardo Álamo, Jr. se debió única y exclusivamente a la negligencia del demandado Feliciano García" y "que Feliciano García, al conducir su vehículo por la calle Muñoz Rivera del pueblo de Toa Baja, lo hacía en funciones propias de porteador público, conduciendo pasajeros mediante paga."

Los demandados han apelado para ante este Tribunal y han señalado los siguientes errores:

"Erró el Tribunal al resolver que el codemandado Feliciano García se estaba dedicando al ocurrir el accidente, a la transportación de pasajeros mediante paga.

"Al resolver que la codemandada Commercial Insurance Company estaba obligada a responder solidariamente con el codemandado Feliciano García por los daños ocasionados por éste, de acuerdo con los términos de la póliza.

"Al resolver que mientras manejaba el vehículo el codemandado Feliciano García lo hacía en una forma negligente y al no resolver que la causa próxima del accidente fué la negligencia contributoria del demandante.

"Al condenar a los demandados a satisfacer a los demandantes $500 en concepto de honorarios de abogado."

■ Con respecto a la causa del accidente, la conclusión del tribunal de San Juan al efecto de que el demandado García fué negligente y que su negligencia fué la única causa del accidente, está sostenida por la prueba presentada y el tribunal no erró claramente al apreciar la prueba. Las circunstancias que concurren en este caso son aún más poderosas para demostrar la negligencia del demandado García y la ausencia de negligencia contributoria de parte del demandante que las que prevalecía en el caso de *Álvarez* v. *Hernández*, 74 D.P.R. 493, ya que, en este caso, la velocidad del vehículo causante del accidente era inusitada y "bastante ligera"; García conducía el vehículo a su izquierda de la calle y no a su derecha, el accidente ocurrió en frente de una escuela pública, minutos antes de la entrada de los niños en la escuela (*Figueroa* v. *Picó*, 69 D.P.R. 401), y García actuó en forma

contraria a lo dispuesto por el art. 17(*h*) de la Ley de Automóviles y Tránsito, que determina, en parte, que "al acercarse . . . a una casa escuela durante horas en qué sea probable la entrada o salida de estudiantes, la velocïdad deberá ser reducida" (*Castro* v. *Autoridad de Transporte*, 72 D.P.R. 465), y García no redujo la velocidad en el caso de autos. No hubo negligencia contribuyente de parte del demandante (*Álvarez* v. *Hernánez*, supra).

■■ Alegan los apelantes que, al ocurrir el accidente, García no se estaba dedicando a la transportación de pasajeros mediante paga, quedando excluída, por lo tanto, cualquier posible responsabilidad de la compañía aseguradora, en virtud de lo resuelto en *Arvelo* v. *Rodríguez*, 69 D.P.R. 1004. En ese caso se probó que en un vehículo público asegurado viajaban varias personas como invitados con el fin de concurrir a la celebración de unas bodas, y no se le dió crédito al testimonio de que el vehículo transportaba pasajeros mediante paga. Bajo esas circunstancias y en vista de que la póliza cubría solamente la transportación de pasajeros mediante paga, se resolvió que la compañía aseguradora no era responsable.

El caso citado de *Arvelo* v. *Rodríguez* no es aplicable al de autos. Aquí el demandante presentó prueba al efecto de que, en el momento de ocurrir el accidente, viajaban dos personas en el vehículo. Esa prueba fué creída por el tribunal sentenciador. Debe presumirse que las personas que viajan en un vehículo público que se dedica generalmente a la transportación de pasajeros son efectivamente pasajeros mediante paga (13 C. J. S. 1446, sec. 764 (*b*); *Meier* v. *Golden State Auto Tour Corporation*, 195 Pac. 290; (Cal.) *Berkebile* v. *Johnstown Co.*, 99 Atl. 871; 10 Am. Jur. 364; Blashfield, *Cyclopedia of Automobile Law and Practice*, vol. 4, parte 1, pág. 12, sec. 2142. Surgió esa presunción en el caso de autos y ella no fué rebatida por los demandados. Se limitaron a presentar prueba al efecto de que, en el momento del accidente, no había personas algunas viajando en el vehículo,

con excepción del conductor. El tribunal a quo se negó a impartirle credibilidad a ese testimonio. Por lo tanto, quedó establecido el hecho de que en el vehículo viajaban dos personas y que esas personas eran pasajeros mediante paga.

■ No incurrió en error el tribunal sentenciador al condenar a los demandados a pagar al demandante la suma de $500 para honorarios de abogado. Hubo temeridad de los demandados y la cuantía señalada para honorarios de abogado es razonable.

*Debe confirmarse la sentencia apelada.*