EPIFANIA VALDERRAMA CRUZ, demandante y recurrente, *v.* ELADIO LACÉN PLAZA, demandado y recurrido.

Número 12624.
Reasignado: 10 de junio de 1961. Resuelto: 22 de junio de 1961.

*Vicente Hita, Jr.,* abogado de la recurrente; *G. Jiménez Sicardó,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ MATOS emitió la opinión del Tribunal.

Se trata de una acción para determinar el carácter ganancial o privativo de cierta edificación. Eladio Lacén Plaza contrajo matrimonio con Epifania Valderrama Cruz en esta ciudad Capital de Puerto Rico el 21 de junio de 1946. El Tribunal Superior, Sala de San Juan, decretó el divorcio entre ellos el 29 de julio de 1954. El matrimonio no tuvo descendencia. De mutuo acuerdo se liquidó la sociedad conyugal, con excepción de una casa de dos plantas, de concreto y maderas, situada en la avenida Carpenter Road Núm. 748 de Santurce, respecto a la cual sostenía Lacén Plaza que era un bien privativo de él y que le correspondía en su totalidad, mientras que la ex esposa alegaba que era un bien ganancial.

El 17 de abril de 1956 Epifania promovió una acción contra Eladio para que se declarara que esa propiedad constituía un bien ganancial. Se opuso éste a la pretención de su anterior mujer alegando que la había hecho construir con su peculio propio mucho antes de contraer matrimonio con

la actora y que esa casa le pertenecía privativamente y así lo resolvió el tribunal de instancia.

Contra el fallo recurrió ante nos la demandante imputando la comisión de un solo error, consistente, según alega, en que el tribunal a quo apreció erróneamente la prueba y llegó a conclusiones no sostenidas por la evidencia.

El señalamiento de error es ilusorio. No se cometió en forma alguna. El juzgador apreció con toda justicia y corrección la prueba presentada, sin la más leve sombra de prejuicio, pasión o parcialidad. Las conclusiones de hecho a que llegó son las siguientes:

"CONCLUSIONES DE HECHO.—Que demandante y demandado fueron legalmente casados el día 21 de junio de 1946, habiendo quedado roto y disuelto el vínculo matrimonial existente entre ellos el día 29 de julio de 1954, por sentencia de este Tribunal en el caso Civil Núm. 54–2423.

"Que con anterioridad a la fecha en que contrajeron matrimonio, o sea el 14 de diciembre de 1942, el demandado solicitó del Departamento de lo Interior, Negociado de Obras Públicas, permiso para la construcción de una casa según consta de documento expedido por el entonces Comisionado de lo Interior, Hon. Sergio Cuevas.

"Que más tarde, en mayo 12 de 1943, se le concedió permiso para extender un tubo del acueducto y proveerse de agua y usarse en la liga de concreto en la construcción de dicha casa. Que todos estos actos que se llevaban a efecto era para la construcción de la casa marcada hoy día con el Núm. 748 de la Ave. Carpenter Road.

"Que el dinero invertido en la edificación de la misma era del peculio propio del demandante, provenientes de ahorros del sueldo que derivaba como empleado del correo de los Estados Unidos en la ciudad de Nueva York.

"Que con fecha 15 de noviembre de 1945, ante el notario Juan Ramírez Viñas, el demandado otorgó escritura Núm. 10 sobre construcción de casa en el solar Núm. 4 de la Ave. Carpenter Road, hoy día Núm. 748.

"Que las partes, de mutuo acuerdo, liquidaron la sociedad de bienes gananciales con excepción de la propiedad que está ahora bajo nuestra consideración.

"De la evidencia se desprende que la propiedad objeto de este litigio es un bien privativo del demandado Eladio Lacén por haberla construido de su propio peculio con anterioridad al matrimonio con la demandante."

Cada una de ellas encuentra amplio y sólido fundamento en la prueba aportada por las partes. Además, quedaron comprobadas otras circunstancias que también establecieron elocuentemente la inconfundible naturaleza privativa de la propiedad y que eran de perfecto conocimiento de la demandante: (1) haber habitado ésta y Lacén Plaza esa casa, usando ella parte de la planta baja para un bazar suyo, desde fines de diciembre de 1943, es decir, unos dos años y medio antes de contraerse el matrimonio; (2) haberse celebrado el matrimonio, precisamente, en esa casa, construida por Lacén con los fondos que trajo a Puerto Rico en el año 1942; (3) haber pagado siempre Lacén Plaza las contribuciones impuestas sobre esa propiedad; (4) haber ayudado la demandante al demandado en las gestiones que éste realizó en 1942 para adquirir o construir, con su peculio particular, una casa en Santurce para traer a Puerto Rico las pequeñas hijas de su primer matrimonio.

No encontramos razones para alterar las juiciosas determinaciones de hecho y de derecho que hizo el juzgador. No podía, en buena ley, arribar a conclusiones diferentes. La premisa básica de la demanda de que la propiedad en controversia fue adquirida "durante el matrimonio y para la sociedad de gananciales" era insostenible, no podía prosperar ni en ley ni en equidad. Véanse arts. 1295, 1296, 1299 y 1322, Código Civil.

*La sentencia recurrida será confirmada.*