CARLOS COLÓN CALIXTO, representado por su madre LAUREANA CALIXTO, demandante y recurrido, *v.* FRANCISCO MENDOZA y PORTO RICAN & AMERICAN INSURANCE COMPANY, demandados, recurrente el primero.

*Número:* 12455. *Resuelto:* 4 de agosto de 1961.

*Lionel Fernández Méndez* y *Guillermo Cintrón Ayuso,* abogados del recurrido; *Víctor M. Pons,* abogado del recurrente.

Sala integrada por el Juez Asociado señor Blanco Lugo, como Presidente de Sala, y los Jueces Asociados señores Rigau y Dávila.

PER CURIAM: En relación con un accidente ocurrido en la población de Cayey en 12 de diciembre de 1953, el Tribunal Superior, Sala de Guayama, formuló las siguientes determinaciones de hecho:

"1. El menor actor Carlos Colón Calixto, quien para la fecha de 12 de diciembre de 1953 en que ocurrió el accidente que más adelante se relaciona contaba once (11) años y meses de edad, ha comparecido en esta acción representado por su señora madre Laureana Calixto, con patria potestad sobre el mismo.

"2. En la expresada fecha Juan Cancio Mendoza, a eso de las dos de la tarde, conducía un vehículo 'pick-up' Ford licencia C71-754, modelo 1948, de norte a sur por un trozo de la calle Narciso Vázquez de la barriada San Thomas de Cayey, zona urbana, cargado con veinte (20) quintales de mercancía, vehículo que era propiedad del demandado Francisco Mendoza para quien estaba trabajando como agente de éste allí y entonces su hermano el referido conductor Juan Cancio Mendoza dentro de la esfera de su dicho empleo.

"3. Había suficiente anchura en dicho trozo de calle, que era un poco empinado, para que pudieran discurrir sin dificultad por el mismo dos vehículos como el del demandado en dirección contraria.

"4. En la misma dirección de norte a sur, cuesta arriba, que llevaba el vehículo del demandado, estaba estacionada bien a la izquierda, cerca del final de la cuesta, una guagüita 'panel delivery.'

"5. De la acera de tal izquierda, por el frente de dicha guagüita estacionada y como a pie y medio de ésta, el menor Carlos

Colón Calixto salió caminando para cruzar dicha calle, se detuvo en el medio de la misma para mirar calle abajo, y en el preciso instante de hacerlo, fue arrollado por el lado delantero izquierdo del vehículo 'pick-up' Ford que discurría cuesta arriba a 15 ó 20 millas por hora, sin que en momento anterior alguno tocara ningún aparato de alarma, o hiciera uso de los frenos.

"6. Al ocurrir dicho accidente, había adultos transitando por dicho trozo de calle y niños jugando en las aceras de ambos lados y como a ocho o diez casas al frente del sitio donde sucedió aquél había una escuela pública."

Se concedió al menor lesionado una indemnización de $5,000 y se impuso al demandado el pago de las costas y $500 para honorarios de abogado. Contra esta sentencia se interpuso recurso de apelación.

 El primer y segundo error—al resolver que el accidente se debió a negligencia del empleado del demandado y que no medió negligencia del menor demandante—envuelven una cuestión mixta de apreciación de prueba y determinación de la norma de derecho aplicable. Hemos examinado la transcripción de evidencia y surge diáfanamente que las determinaciones del tribunal de instancia sobre la forma en que ocurrió el accidente están sostenidas por la prueba presentada, y no concurre ninguna de las circunstancias en que se justifica que este Tribunal intervenga con la apreciación de evidencia contradictoria hecha por el juzgador. *Valderrama* v. *Lacén*, 83 D.P.R. 60 (1961); *Castro* v. *Meléndez*, 82 D.P.R. 573 (1961) y casos allí citados en los tres primeros escolios. A pesar del notable esfuerzo realizado por el abogado del apelante en el alegato presentado ante este Tribunal, es claro que el tribunal a quo actuó correctamente al imponer responsabilidad al demandado a base de las determinaciones de hecho a que llegó. *Quiñones* v. *Hernández et al.*, 83 D.P.R. 212 (1961); *Alamo* v. *García*, 76 D.P.R. 639 (1954); *Alvarez* v. *Hernández*, 74 D.P.R. 495 (1953); *Díaz* v. *Stucker Motor Co.*, 74 D.P.R. 519 (1953); *Figueroa* v. *Picó*, 69 D.P.R. 401 (1948). Este caso es un ejemplo vivo del adelanto en nuestra jurispruden-

cia del criterio de previsión (foreseeability) como índice de responsabilidad civil. Cf. Harper y James, *The Law of Torts*, 1956, Vol. 2, sec. 20.5, pág. 1134 y siguientes.

Los errores impugnando la concesión de daños en la suma de $5,000 y honorarios de abogado no ameritan seria consideración.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Guayama, en 12 de septiembre de 1957.*